UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                           :

OAK-JIN OH,
                                                                           :

                Plaintiff,
                                                      :

   - against -
                                                       :            <u>ORDER</u>
SIM & PARK, LLP,                                     12 MC 66 (PART I)
                                                     :

             Defendant.      :
---------------------------------------------------------------X

KIMBA M. WOOD, U.S.D.J.:

      Plaintiff Oak-Jin Oh ("Oh") brings this motion to compel Defendant Sim & Park, LLP to produce documents in response to a *subpoena duces tecum* (the "Subpoena") in aid of a proceeding in the Eastern District of New York, *Oh v. Choi*, *et. al.*, 11 Civ. 3764, (E.D.N.Y.). In the underlying case, Oh has brought suit against members of the Choi family alleging that they trafficked her into the United States in 1998 and violated state and federal labor laws by failing to pay her wages for work she performed for the following 12 years.

      Sim & Park, LLP represents members of the Choi family in unrelated actions and Oh believes that Sim & Park, LLP is in possession of contact information for the Chois, which Oh seeks through the Subpoena. The Subpoena seeks the production of documents sufficient to identify aliases, home and business addresses, telephone numbers, and e-mail addresses in the United States and abroad for Sung Bok Choi, Kyung Bok Choi, and Young Mi Choi, as well documents identifying the date, location, and manner of the last communication Sim & Park, LLP had with any of the named individuals. In response to the Subpoena, Sim & Park, LLP has

produced only documents publicly filed in New York State courts in actions brought by Kyung Bok Choi, Young Mi Choi, and Sung Bok Choi.

Federal Rule of Civil Procedure 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45(e) allows the party seeking discovery to move for an order to compel the production of documents and empowers the issuing court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena."[2] Fed. R. Civ. P. 45(e).

Andrew Park, a partner of Sim & Park, LLP, has filed an Affidavit in Opposition to Oh's Motion to Compel. (Affidavit of Andrew Park in Opposition dated March 22, 2012 ("Park Aff.").) In the Affidavit, Park acknowledges current and former representation of members of the Choi family, but objects to providing further documents responsive to the subpoena on the ground that the communications are privileged and/or confidential attorney-client communications. (Park Aff. ¶¶ 3,4,6.)

Recognizing "that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer being fully informed by the client," the rule affording confidentiality to communications between attorneys and their clients serves to

---

[1] Rule 26(b)(1) provides in full that:
> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense-- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

[2] Rule 45(e) provides that:
> The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

2

facilitate "full and frank communication" between them. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege is founded upon the recognition that a lawyer's "assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure." *Hunt v. Blackburn*, 128 U.S. 464, 470 (1888). The privilege thus covers information provided to a lawyer in order "to enable him to give sound and informed advice," *Upjohn*, 449 U.S. at 390, as well as "advice rendered by the attorney to the client, at least to the extent that such advice may reflect confidential information conveyed by the client," *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437, 441-42 (S.D.N.Y. 1995).

However, "[a]s a general rule, a client's identity and fee information are not privileged." *Lefcourt v. United States*, 125 F.3d 79, 86 (2d Cir. 1997). A client's contact information is similarly not subject to the attorney-client privilege. *Echostar Satellite L.L.C. v. Viewtech, Inc.*, 2010 WL 3394191, at *1 (E.D.N.Y. July 14, 2010). Oh has asked for contact information for Sim & Park, LLP's clients Kyung Bok Choi, Young Mi Choi, and Sung Bok Choi. Oh has not requested any information that relates to the facts of the cases that members of the Choi family have brought or that otherwise would fall within the attorney-client privilege. Accordingly, Oh's motion to compel the production of documents responsive to her subpoena is granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel is GRANTED. The Defendant is ordered to produce all documents responsive to the *subpoena duces tecum* by April 16, 2012.

SO ORDERED.

DATED:   New York, New York

April 9, 2012

_____
KIMBA M. WOOD
United States District Judge